UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON
CASE NO. _____

DAVID E. LYCAN                                                    PLAINTIFF,

V.

WASHINGTON MUTUAL, INC.                    ARROW FINANCIAL SERVICES

Serve: Washington Mutual, Inc.              Serve:  Arrow Financial Service, LLC
     1301 Second Avenue                            208 S. LaSalle St.
     Seattle, WA  98101                            Chicago, IL  60604

     c/o Kentucky Secretary of State               c/o Kentucky Secretary of State
     700 Capital Avenue, Suite 86                  700 Capital Avenue, Suite 86
     Frankfort, KY  40601                          Frankfort, KY  40601

CSC CREDIT SERVICES, INC.                   EXPERIAN INFORMATION SOLUTIONS, INC.

Serve: CSC Credit Services, Inc.            Serve:  Experian Information Solutions, Inc.
     CT Corporation System                         C.T. Corporation System
     Kentucky Home Life Building                   Kentucky Home Life Building
     Louisville, KY  40202                         Louisville, KY  40202

TRANS UNION                                 EQUIFAX, INC.

Serve: Trans Union, LLC                     Serve: Equifax, Inc.
     c/o Prentice-Hall Corporation System          c/o Prentice-Hall Corporation System
     421 West Main Street                           421 West Main Street
     Frankfort, KY  40601                          Frankfort, KY  40601

DEFENDANTS

---

**Complaint for Enforce Civil Liability Pursuant to the Fair Credit Reporting Act for
Willful Violation; Actual & Punitive Damages; Attorney Fees; Jury Demand**

---

## INTRODUCTION

1.      This is an action by a plaintiff consumer alleging that Defendants' incorrect verification and re-reporting of a debt on his consumer credit report which did not belong to him in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., and 28 U.S.C. § 1331.

3.      This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.  Venue is proper in this division since the unlawful conduct alleged to have taken place occurred in Fayette County where the Plaintiff resides and the damage to Plaintiff's credit was incurred there.

## PARTIES

4.      Plaintiff is a natural person who at all times relevant herein resided in the city of Lexington, County of Fayette, Commonwealth of Kentucky.  Plaintiff David E. Lycan is a "consumer" as defined by 15 U.S.C. § 1681a.  Plaintiff is a consumer who sought financing for various types of loans within the Eastern District of Kentucky.

5. Defendant Equifax, Inc. ("Equifax") is a foreign corporation created under the laws of Georgia and authorized to do business in the Commonwealth of Kentucky. Equifax is a consumer credit reporting agency as defined by 15 U.S.C. § 1681a of the Fair Credit Reporting Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. § 1681a of the FCRA.

6. Defendant CSC Credit Services, Inc. ("CSC") is a foreign corporation incorporated under the laws of Texas and is authorized to do business in the Commonwealth of Kentucky. CSC is a consumer credit reporting agency as defined by 15 U.S.C. § 1681a of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. § 1681a of the FCRA.

7. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation incorporated under the laws of Ohio and authorized to do business in the Commonwealth of Kentucky. Experian is a consumer credit reporting agency as defined by 15 U.S.C. § 1681a of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. § 1681a of the FCRA.

8. Defendant Transunion, LLC ("Transunion") is a foreign limited liability company created under the laws of Delaware, authorized to do business in the Commonwealth of Kentucky, and currently in bad standing with the Kentucky Secretary of State. Transunion has its principal place of business in Chicago, Illinois. Transunion is a consumer credit reporting agency as defined by 15 U.S.C. §1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 D.S.C. § 1681a(d) of the FRCA.

9. Defendant Washington Mutual, Inc. ("Washington Mutual Bank" or "WAMU") is a foreign corporation created under the laws of Washington. WAMU is an information furnisher and/or user of consumer credit reports, as defined by the FRCA and is subject to the requirements of 15 U.S.C. § 1681(s-2).

10. Defendant Arrow Financial, LLC ("Arrow") is a limited liability company formed under the laws of the State of Delaware. Arrow uses the instrumentalities of interstate' commerce in a business that

the principal purpose of which is the collection of debts and is an information furnisher and/or user of consumer credit reports, as defined by the FRCA and is subject to the requirements of 15 U.S.C. § 1681(s-2).

## ALLEGATIONS

11.  On or about November 8, 2006 plaintiff observed an account on his Trans Union credit report reported by the Defendant Washington Mutual Bank. The Account was a Washington Mutual credit card account, the last four digits of which are 6090 (" Account").  The report of the Account indicated that plaintiff had a balance of $837, all of which was past due over 120 days, and that the Account had been "closed by credit grantor."

12. The account did not belong and never belonged to the plaintiff.  However, it was being reported inaccurately and in a derogatory manner on his own personal consumer report.

13. On November 8, 2006, Plaintiff challenged the reporting of the Account on his consumer credit report using Trans Union's online reporting system. On that same date, Plaintiff also sent an email to Trans Union regarding placing a fraud alert on Plaintiff's credit report.

14. On or about November 13, 2006 the plaintiff sent a letter via certified mail to defendant Washington Mutual Bank and disputed the Account. A true copy of this dispute letter, along with true copies of the certified mail receipts and a U.S. Postal Service confirmation of delivery,  is attached hereto as Exhibit A.

15. On or about November 15, 2006 defendant Trans Union responded to Plaintiff's dispute of the account by stating that its "investigation of the dispute you submitted is now complete." It followed by stating that the account in question had been "verified" with "no change" and it enclosed a new report where it continued to report the account in the identical derogatory manner that it had reported prior to the time it was disputed by the plaintiff. A true copy of this communication is attached hereto as Exhibit B.

16.  On or about December 28, 2006, Plaintiff notified Experian that the Account was fraudulent and did not belong to Plaintiff.

17. On May 18, 2007, Plaintiff was informed that he had been denied credit by Capital One HealthCare Finance, from which he had sought financing for a family medical procedure.  Plaintiff then sought the assistance of a mortgage broker to refinance his residence for the purpose of funding the family medical procedure.

18. On or about May 28, 2007, Plaintiff was informed by the mortgage broker that the Account was listed as delinquent and belonging to Plaintiff by all three national credit reporting bureaus, and that his credit was inadequate to obtain refinancing.

19. On May 29, 2007, Plaintiff obtained his three credit reports and identified that in addition to Defendant WAMU, Defendant Arrow Financial was responsible for reporting the Account as belonging to Plaintiff.  Plaintiff submitted an electronic dispute form to Arrow Financial Services, via its online dispute system.  No response was ever received from Arrow.

20.  On June 5, 2007, Plaintiff called Arrow Financial to follow up, and was told that he must call Defendant WAMU to dispute the Account.

21. On or about June 5, 2007, Plaintiff called Defendant WAMU and spoke to "Tamika" regarding the account.  Plaintiff was informed that the account had been opened from a Brooklyn, New York address by "John B. Lycan", and an additional card had been issued to a "James Bargness".  He was told that he would be contacted by another party at WAMU to initiate an investigation.  Plaintiff was never contacted by WAMU regarding the account.

22. On or about June 6 and 7, 2007, Plaintiff disputed with Defendants TransUnion, Experian and Equifax the reporting of the Account on his consumer credit reports.

5

23. On or about July 7, 2007, Defendants TransUnion, Experian and Equifax each responded to Plaintiff's dispute of the Account by stating that its investigation was complete, and that the Account had been verified with no change. Each of Defendants TransUnion, Experian and Equifax enclosed a new report where they continued to report the Account in the same derogatory manner that it had reported prior to the time it was disputed by the plaintiff.

24. On July 18, 2007, Plaintiff sent a certified letter, attached as Exhibit C, to Washington Mutual Bank and Arrow Financial regarding the Account, and threatening litigation if the Account continued to be reported on his consumer credit reports. Neither Defendant ever responded to that letter.

## COUNT I
## <u>VIOLATION OF THE FAIR CREDIT REPORTING ACT, 1681(s-2)</u>

### (Defendants Washington Mutual Bank and Arrow Financial Services)

25. Plaintiff restates and realleges paragraphs one through 24, as if fully set forth here.

26. The above-described conduct of Defendant Washington Mutual Bank and Defendant Arrow Financial violated the Fair Credit Reporting Act, including but not limited to 15 U.S.C. § 1681s-2(b), in that Defendant Washington Mutual Bank and Defendant Arrow Financial knew from the information in its files that the account did not belong to the plaintiff and, therefore, that the negative information in Plaintiff's credit report was incorrect; nevertheless, Defendant Washington Mutual Bank and Defendant Arrow Financial willfully refused to report the correct result of its investigation to Defendants TransUnion, Equifax, Experian and/or CSC. In the alternative, Defendant Washington Mutual Bank and Defendant Arrow Financial failed to conduct an investigation with respect to the disputed information and/or failed to review all relevant information before reporting back to Defendants TransUnion, Equifax, Experian and/or CSC, also in violation of 15 U.S.C. § 1681s-2(b).

27.  In continuing to violate the Act despite written notice, Defendant Washington Mutual Bank and Defendant Arrow Financial acted intentionally, willfully, recklessly, and in total disregard for Plaintiff's rights.

28. As a direct and proximate result of this violation, Plaintiff's credit was damaged, he suffered humiliation and embarrassment, he suffered damages as a result of being unable to obtain financing, he was forced to expend time and money in attempting to eradicate this matter from his credit, and is entitled to damages as provided by the FCRA.  In addition to actual and/or compensatory damages, Defendant Trans Union is liable to Plaintiff in a sum to be assessed by the trier of fact for willful violation of the FCRA.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 1681e(b), 1681i
### (Defendants TransUnion, Equifax, Experian and CSC)

29. Plaintiff restates and realleges paragraphs one through 28, as if fully set forth here.

30. Defendants TransUnion, Equifax, Experian and/or CSC issued, assembled, transferred and published "consumer reports" regarding Plaintiff, as defined in the FCRA.

31. Defendants TransUnion, Equifax, Experian and CSC have continually added, stored, maintained and disseminated personal and credit data about Plaintiff which is false, erroneous, and misleading, without employing procedures to ensure the maximum possible accuracy of the information posted to Plaintiff consumer reports and disseminated.

32.  Defendants TransUnion, Equifax, Experian and CSC failed to employ reasonable procedures for the reinvestigation in a timely and proper manner concerning the accuracy of the erroneous, negative data upon being notified by Plaintiff that such information was erroneous.

33.  The above-described conduct of Defendants TransUnion, Equifax, Experian and CSC violated the FCRA, including but not limited to 15 U.S.C. §1681e(b) and 1681i.

34.   As a direct and proximate result of this violation, Plaintiff's credit was damaged, he suffered humiliation and embarrassment, he suffered damages as a result of being unable to obtain financing, he was forced to expend time and money in attempting to eradicate this matter from his credit, and is entitled to damages as provided by the FCRA.   In addition to actual and/or compensatory damages, Defendant Trans Union is liable to Plaintiff in a sum to be assessed by the trier of fact for willful violation of the FCRA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

(a)   Award a judgment for actual and/or statutory damages to be determined at trial, including all statutory enhancements of damages;

(b)   Award punitive damages in an amount to be determined at trial;

(c)   Award Plaintiff his costs and a reasonable attorney fee as permitted by statute and common law;

(d)   For a trial by jury on all appropriate issues; and,

(e)   Award such other relief as this Court deems appropriate at law or in equity.

Respectfully submitted by:


  /s/ Gillard B. Johnson
Gillard B. Johnson, III
Attorney for Plaintiff
BOWLING & JOHNSON, PLLC
1010 Monarch Street, Suite 250
P.O. Box 910810
Lexington, Kentucky 40591-0810
(859) 255-7080
(859) 255-6903 facsimile
gjohnson@cbandj.com

8

## CERTIFICATE OF SERVICE

On November 5, 2007, I electronically filed this document through the ECF system, which will send a notice of electronic filing to: Gillard B. Johnson, III and I mailed this document and the notice of electronic filing to:

**WASHINGTON MUTUAL, INC.**

**Serve: Washington Mutual, Inc.**
**1301 Second Avenue**
**Seattle, WA  98101**

**c/o Kentucky Secretary of State**
**700 Capital Avenue, Suite 86**
**Frankfort, KY  40601**

**ARROW FINANCIAL SERVICES**

**Serve:  Arrow Financial Service, LLC**
**208 S. LaSalle St.**
**Chicago, IL  60604**

**c/o Kentucky Secretary of State**
**700 Capital Avenue, Suite 86**
**Frankfort, KY  40601**

**CSC CREDIT SERVICES, INC.**

**Serve: CSC Credit Services, Inc.**
**CT Corporation System**
**Kentucky Home Life Building**
**Louisville, KY  40202**

**EXPERIAN INFORMATION SOLUTIONS, INC.**

**Serve:  Experian Information Solutions, Inc.**
**C.T. Corporation System**
**Kentucky Home Life Building**
**Louisville, KY  40202**

**TRANS UNION**
**Serve: Trans Union, LLC**
**c/o Prentice-Hall Corporation System**
**421 West Main Street**
**Frankfort, KY  40601**

**EQUIFAX, INC.**

**Serve: Equifax, Inc.**
       **c/o Prentice-Hall Corporation System**
       **421 West Main Street**
       **Frankfort, KY  40601**

/s/   Gillard B. Johnson_____
        Gillard B. Johnson, III
        Attorney for David E. Lycan